USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
LATANYA M. COLLINS,                           :
                                              :
                        Plaintiff,  :
                                              :
                                              :   15-CV-5008 (VEC)
        -against-                            :
                                              :   MEMORANDUM
CITY OF NEW YORK, NEW YORK CITY               :   OPINION & ORDER
DEPARTMENT OF EDUCATION, TIMOTHY              :
LISANTE, ROBERT ZWEIG, and JOAN               :
INDART-ETIENNE, sued herein in their          :
individual capacities and in their capacities as :
employees, agents, and/or servants of the City of :
New York and/or New York City Department of   :
Education,                                    :
                                              :
                      Defendants.  :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Plaintiff, Latanya Collins, a teacher and former assistant principal employed by the New York City Department of Education, initiated this action against the City of New York, the New York City Department of Education ("DOE"), Timothy Lisante, Robert Zweig, and Joan Indart-Etienne. Collins alleges that she was subject to adverse employment actions (threats of negative ratings, constructive discharge, poor reference, demotion, and retaliatory job assignments) because she refused to discriminate against other teachers on the basis of their age and because she complained about discrimination against disabled and minority students. Plaintiff originally brought eleven causes of action. In response to Defendants' motion to dismiss, Plaintiff dropped all claims against the City of New York and dropped her claims brought pursuant to: the First and Fourteenth Amendments; 42 U.S.C. § 1983; 42 U.S.C. § 1981; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; and Title IX of the Education Amendments of 1972, 20

U.S.C. § 1681 *et seq.* Pl. Opp. Mem. 6 n.1, n.2. (Dkt. 19).  What remains for decision is Defendants' motion to dismiss Plaintiff's claims based on: (1) New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*; (2) New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101 *et seq.*;  (3) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; (4) Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 *et seq.*; (5) the Equal Educational Opportunities Act of 1974 ("EEOA"), 20 U.S.C. § 1701 *et seq.*; and (6) the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  For the following reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

Collins became a special education teacher for DOE in approximately April 2004 and became tenured in 2007.  Compl. ¶¶ 22, 24.  After obtaining a master's degree and taking the license exam, Collins received her assistant principal license in approximately 2009.  *Id.* ¶ 25.  In approximately 2011, Collins was promoted to become Assistant General Principal for District 79.  *Id.* ¶ 27.  Lisante was the Superintendent, and Zweig was the Deputy Superintendent of District 79.  *Id.* ¶ 31.

Collins was assigned to be one of three assistant principals at the Restart Academy, a school that educates children residing in shelters, undergoing drug treatment, or under the jurisdiction of the City's Administration for Children Services ("ACS").  *Id.* ¶ 29.  Indart-Etienne was the principal of the Restart Academy; she made decisions regarding program budgeting and educational materials and supervised Collins.  *Id.* ¶¶ 30, 32.

---

[1] The facts are taken from the Complaint, which must be assumed as true for purposes of deciding the pending motion.  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

Indart-Etienne assigned Collins to supervise the Euphrasian Residence in Manhattan. *Id.* ¶ 33. The Euphrasian Residence provided temporary housing for adolescent girls referred by ACS, and the majority of its students were black or Hispanic. *Id.* ¶¶ 35, 36. Middle and high school aged children in the Euphrasian Residence were required to participate in the Restart Academy. *Id.* ¶ 35. Collins' responsibilities at the Euphrasian Residence included ensuring that students were receiving instruction, supervising staff, evaluating teacher performance, and monitoring the operation of the building. *Id.* ¶ 34.

The students at Restart Academy included students learning English as a second language ("ESL") and special education students. *Id.* ¶ 37. Collins allegedly observed and learned that those students were not getting certain services and resources that they were legally-required to receive. *Id.* ¶¶ 38-41. Collins also noted that there were no special education teachers, in violation of the Individual Education Plans ("IEP") required by law for special education students. *Id.* ¶¶ 42-43. Finally, Collins saw that students did not receive required psychological, psychiatric, or medical services. *Id.* ¶ 44. Plaintiff repeatedly complained to Indart-Etienne regarding these deficiencies. *Id.* ¶ 45. Indart-Etienne did not remedy the deficiencies, seemed to actively continue them, and prevented Plaintiff from attempting to resolve them. *Id.* ¶¶ 46-49.

Collins also allegedly observed Indart-Etienne discriminate against older teachers. Specifically, Indart-Etienne referred to tenured teachers who were older than sixty as "rubber room teachers" and repeatedly stated that "they had to go." *Id.* ¶ 50. Indart-Etienne directed Collins to change her evaluations for those teachers to unsatisfactory, telling Collins "I need you to see what I see" and those teachers "must get a U." *Id.* ¶ 50. Indart-Etienne repeatedly added substantive changes to Collins' teacher observation reports and urged Collins to "focus" on the senior tenured teachers by visiting their classrooms multiple times throughout the day and recording them on her iPhone without their knowledge. *Id.* ¶¶ 51-52. Indart-Etienne gave

Collins these instructions with the warning, "Tim [Lisante] needs to know you're one of us." *Id.* ¶ 52.

Collins refused to follow Indart-Etienne's instructions regarding tenured senior teachers, and Indart-Etienne allegedly began harassing Collins, openly criticizing and demeaning her in front of staff, and shouting at her. *Id.* ¶ 53. Indart-Etienne told Collins, "This district is not a good fit for you," and threatened to give Collins an unsatisfactory rating on her annual performance evaluation unless she agreed to resign. *Id.* ¶¶ 53-54. Collins also overheard Indart-Etienne tell Collins' union representative, "I want her out." *Id.* ¶ 55. Prior to Collins' complaints about resources and resistance to Indart-Etienne's instructions regarding senior teachers, in approximately January 2012, Indart-Etienne had commended Collins in writing for her "excellent" work. *Id.* ¶ 58. Effective June 30, 2012, Collins resigned as Assistant General Principal for District 79, and Indart-Etienne gave Collins a satisfactory rating on her annual evaluation. *Id.* ¶ 56. Collins asserts that she was constructively discharged. *Id.* ¶ 57.

Collins thought that, according to DOE rules, her resignation as Assistant General Principal would lead to her being "reverted" to her previous role as tenured master teacher within District 28. *Id.* ¶¶ 59, 65. Instead, Collins was assigned to the District 28 Absent Teacher Reserve ("ATR"), which meant Collins had no permanent assignment, acted as a substitute teacher, and received a salary reduction. *Id.* ¶ 60. ATR typically included laid off teachers or teachers from closed schools, and the poor reputations of ATRs made it more difficult to get a permanent job offer. *Id.* ¶¶ 60, 64. Collins worked as an ATR at the Forest Hills High School in Queens for the 2012-2013 school year. *Id.* ¶ 61.

Collins believes that Indart-Etienne made false, disparaging remarks about her to her former colleagues and staff in a September 2012 meeting. *Id.* ¶ 62. Collins also believes that Indart-Etienne gave her an unjustifiably poor reference that precluded her from receiving any job

offers, despite her efforts to interview for permanent positions during the 2012-2013 school year. *Id.* ¶ 63.

In September 2013, Collins contacted DOE and was informed that Indart-Etienne had created a position for her in District 79, and Collins was removed from ATR. *Id.* ¶ 66. Although DOE did not require ATRs to accept assignments, Collins was forced to accept the District 79 position over her objection. *Id.* ¶ 67. The principal of the school to which Collins was assigned told Collins that a District 79 Human Resources Representative had asked him to take Collins on as a teacher, even though he was not looking to hire a teacher, "because a colleague of [hers] was out to get [Collins] due to no fault of her own." *Id.* ¶ 69.

On or about October 28, 2013, Collins filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming that Defendants had retaliated against her for refusing to discriminate against students with disabilities. *Id.* ¶ 73.[2] On or about October 30, 2013, Collins made a formal oral complaint to DOE's Office of Special Investigations regarding the same, and Collins followed up with a written complaint on November 7, 2013. *Id.* ¶¶ 74-75.

From approximately October 25, 2013 to January 5, 2014, Collins took leave under the Family and Medical Leave Act, although her leave was never approved, and thus she was never paid for that time. *Id.* ¶¶ 72, 76, 78. Upon her return, she interviewed for positions and waited in Zweig's office as an ATR without assignments for several months. *Id.* ¶ 79. In approximately April 2014, Collins accepted a position outside District 79 in a Brooklyn school as a provisional teacher; she received a satisfactory evaluation while she was there. *Id.* ¶ 80.

---

[2] The Complaint asserts that Collins' EEOC charge also alleged that she was being retaliated against for refusing to discriminate against teachers who were over the age of sixty. Compl. ¶ 73. In fact, as discussed below, the EEOC charge includes no such allegations.

In the fall of 2014, Zweig assigned Collins to teach at Riker's Island over her objection, even though the collective bargaining agreement prohibited forcing any teacher to work there. *Id.* ¶¶ 81-82. Later that fall, Zweig reassigned Collins to a school in the South Bronx, which was a lengthy commute for her. *Id.* ¶ 88. On or about December 9, 2014, Collins filed a supplemental charge with the EEOC, alleging retaliation for her initial EEOC complaint. *Id.* ¶ 89. Collins continued to work in District 79 until February 2015 and received satisfactory evaluations. *Id.* ¶ 88. In approximately February 2015, Collins accepted a position as a special education teacher in District 28 at PS 82 in Queens. *Id.* ¶ 90. This lawsuit was filed on June 26, 2015.

## DISCUSSION

The Defendants move to dismiss Collins' Complaint in its entirety. Specifically, Defendants assert that: (1) Collins does not have standing to sue under the ADEA, EEOA, or IDEA; (2) Collins' claims are partially time-barred under the applicable statutes of limitations; (3) Collins' state law claims are barred because she did not comply with the notice of claim provisions of New York Education Law; and (4) Collins' allegations fail to state a plausible claim for retaliation. Defs. Mem. 2 (Dkt. 17). The Court concludes that, among Collins' federal claims, she has only stated a claim under the Rehabilitation Act; Collins' state and municipal law claims are dismissed as to all except Defendant Indart-Etienne. Accordingly, Defendants' motion is GRANTED IN PART and DENIED IN PART.

"To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 555-56 (2007)). A plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns Inc.*

*v. The Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Courts must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 398 (S.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). Furthermore, courts are generally confined to "the four corners of the complaint" and must "look only to the allegations contained therein." *Perez v. Westchester Foreign Autos, Inc.*, No. 11–CV–6091(ER), 2013 WL 749497, at *5 (S.D.N.Y. Feb. 28, 2013) (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

## I.  Plaintiff's ADEA Claim is Dismissed

Under the ADEA, a plaintiff must exhaust her administrative remedies with the EEOC before bringing a federal lawsuit.  29 U.S.C. § 626(d); *Hodge v. New York Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2d Cir. 1998).  "A plaintiff may bypass this agency exhaustion requirement, and bring her complaints for the first time in court, only by demonstrating that new discrimination claims are 'reasonably related' to charges that were previously filed with the EEOC." *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208 (2d Cir. 1993) (citing *Kirkland v. Buffalo Bd. of Educ.*, 622 F.2d 1066, 1068 (2d Cir. 1980) (*per curiam*)).  A claim raised for the first time in federal court is "reasonably related" to prior EEOC charges "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 83 (2d Cir. 2001) (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993)) (internal quotation omitted).[3]

---

[3]     The Second Circuit also recognizes two other types of claims that are "reasonably related:" allegations of "retaliation by an employer against an employee for filing an EEOC charge," and allegations of "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Holtz*, 258 F.3d at 83 n.6 (quoting *Butts*, 990 F.2d at 1402-03) (internal quotation omitted).  Neither is applicable to the facts in this case.

Collins filed an EEOC charge on October 28, 2013. Compl. ¶ 73. Collins did not, however, raise an age discrimination retaliation complaint in the EEOC charge. Collins is bringing this retaliation claim for the first time in district court, and it is not reasonably related to the claims she previously filed with the EEOC. While the Complaint states that Collins' EEOC charge includes an allegation of retaliation because Collins "refused to participate in defendants' discriminatory actions against . . . teachers over the age of 60," *id.*, the EEOC charge itself makes absolutely no reference to age discrimination, Fleming Decl., Ex. A (Dkt. 18).[4] Collins complained to the EEOC about "retaliation for complaints involving students with disabilities and English language learners and not participating in falsification of documents/reports." *Id.* at 2. Because *nothing* in Collins' charge provided the EEOC with notice of possible age discrimination, Collins' claim that she was retaliated against for refusing to discriminate against teachers over sixty years old does not fall within the scope of the EEOC investigation that one could reasonably expect to grow out of the EEOC charge.[5] *See Littlejohn v. City of New York*,

---

[4] Defendants included Collins' EEOC charge as an exhibit to their motion to dismiss. When deciding a motion to dismiss, a Court must generally either ignore documents outside of the complaint or treat the motion as a motion for summary judgment. *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988). A complaint is, however, "deemed to include . . . any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citation omitted). Moreover, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation omitted). "Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Cortec Indus.*, 949 F.2d at 48.

Collins' complaint explicitly referenced the EEOC charge, Compl. ¶ 73, and the EEOC charge is integral to the Complaint because it is a prerequisite to the ADEA cause of action. Collins had actual notice of the contents of the EEOC charge because she wrote it. Accordingly, the Court may—and will—consider the EEOC charge in deciding Defendants' motion to dismiss.

[5] In her December 9, 2014 supplemental EEOC charge, in which she alleged retaliation for her original EEOC charge and sought information on the status of her original EEOC charge, Collins appears to have checked the box for age discrimination, but she gave the EEOC no further explanation. Fleming Decl., Ex. A, at 9. Nothing in Collins' original or supplemental EEOC charge describes or mentions any age discrimination, let alone retaliation for refusing to participate in age discrimination. Therefore, Collins' claim that she was retaliated against for refusing to discriminate against teachers over sixty years of age does not fall within the scope of any EEOC investigation that one could reasonably expect to grow out of the original or supplemental EEOC charge.

795 F.3d 297, 324 (2d Cir. 2015) (affirming the district court's dismissal of a sexual harassment claim because the EEOC charge only claimed race discrimination); *Carter v. New Venture Gear, Inc.*, 310 F. App'x 454, 458 (2d Cir. 2009) (plaintiff could not bring gender discrimination claims because the EEOC charge only raised race-based complaints); *Givens v. City of New York*, No. 11 CIV. 2568(PKC)(JCF), 2012 WL 75027, at *6 (S.D.N.Y. Jan. 10, 2012) ("[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate."); *Batista v. DeGennaro*, No. 13 CIV. 1099 (DAB), 2014 WL 1046735, at *6 (S.D.N.Y. Mar. 10, 2014) (plaintiff could not bring a retaliation claim where the EEOC charge failed to put the EEOC on notice that plaintiff had engaged in protected activity).

Because Collins has failed to exhaust her administrative remedies, her ADEA retaliation claim must be dismissed.

**II.    Plaintiff's EEOA Claim Is Dismissed**

Defendants contend that Collins does not have standing to bring a claim under the EEOA because she is not a child enrolled in a public school. Defs. Mem. 7. The Court agrees that Collins has failed to state a claim under the EEOA.

The EEOA provides that "[n]o State shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin." 20 U.S.C. § 1703. The EEOA creates a private cause of action for individuals who have been denied an equal education opportunity and creates a cause of action for the Attorney General of the United States, who may institute a civil action on behalf of an individual protected by the statute. 20 U.S.C. § 1706. Collins is claiming neither that she has been denied an equal education opportunity nor that she is bringing this cause of action on behalf of students who have been denied an equal education opportunity; under the plain language of the EEOA, therefore, she does not have a cause of

action. *See Kiper v. Louisiana State Bd. of Elementary & Secondary Educ.*, 592 F. Supp. 1343, 1348 (M.D. La. 1984) (dismissing plaintiff's EEOA claim because "[t]he EEOC does not provide a cause of action to faculty members . . . who claim racial discrimination in employment practices." (citations omitted)), *aff'd sub nom. Kiper v. La State Bd. of Ele/Sec Ed.*, 778 F.2d 789 (5th Cir. 1985); *United States v. Sch. Dist. of Ferndale, Mich.*, 577 F.2d 1339, 1344 n.6 (6th Cir. 1978) (affirming district court's dismissal of discrimination claim brought under the EEOA by black faculty and staff because "the Act's protection is provided for the direct benefit of students rather than teachers").

Collins argues that she has standing because she is claiming retaliation for her complaints about discrimination prohibited by the EEOA. Pl. Opp. Mem. 20. But unlike the ADEA and many other civil rights statutes, *see, e.g.*, 29 U.S.C. § 623(d); 42 U.S.C. § 12203(a); 42 U.S.C. § 2000e-3(a), there is no cause of action for retaliation under the EEOA. Moreover, the Court is unaware of any case recognizing a cause of action under the EEOA for retaliation.

Accordingly, Collins' EEOA claim is dismissed for failure to state a claim upon which relief can be granted.

**III. Plaintiff's IDEA Claim Is Dismissed**

Defendants argue that Collins lacks standing to bring a claim under IDEA, and, even if she did have standing, she failed to exhaust administrative remedies required by IDEA. Defs. Mem. 8. Collins contends, just as she did for her EEOA claim, that she has standing because she is claiming retaliation and not a denial of benefits granted by the statute. Pl. Opp. Mem. 20. Collins' argument is without merit.

IDEA only creates a private right of action for disabled children and their parents. *Cty. of Westchester v. New York*, 286 F.3d 150, 153 (2d Cir. 2002) (IDEA does not create a right of action for "intermediaries," such as counties); *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768,

782 (2d Cir. 2002) (a noncustodial parent lacks standing under IDEA); *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (a substitute teacher lacks standing to litigate an IDEA claim (citation omitted)); *Lawrence Twp. Bd. of Educ. v. New Jersey*, 417 F.3d 368, 371 (3d Cir. 2005) (IDEA's statutory language "strongly suggests that Congress intended to provide a private right of action only to disabled children and their parents"); *Boretos v. Fenty*, No. CIV.A.09-0818(EGS)(DAR), 2009 WL 4034987, at *6 (D.D.C. Nov. 17, 2009) (counsel who formerly represented a parent and child in education administrative proceedings lacks standing under IDEA); *Ryan v. Shawnee Mission U.S.D. 512*, 416 F. Supp. 2d 1090, 1098 (D. Kan. 2006) (a physical therapist lacks standing to enforce IDEA because only disabled children and their parents have a right of action under IDEA) (collecting cases); *Mitchell-Hannigan v. Fuget*, No. CIV.A. 93-2035, 1993 WL 257416, at *1 (E.D. Pa. July 12, 1993) (a teacher lacks standing under IDEA (citations omitted)).  Collins is not bringing a claim as a disabled child or as a parent on behalf of such a child.

Moreover, like the EEOA and in contrast with other civil rights statutes, IDEA does not protect individuals from retaliation for attempting to enforce the IDEA, and the Court is not aware of any case law recognizing such a cause of action under the IDEA.  *Cf. Sweet v. Tigard-Tualatin Sch. Dist. #23J*, 124 F. App'x 482, 485 (9th Cir. 2005) (a teacher has standing to sue for retaliation under § 504 [of the Rehabilitation Act] when she alleged that she was retaliated against for reporting IDEA violations).

Collins' IDEA claim is dismissed for failure to state a claim upon which relief can be granted.

**IV.     Plaintiff's Rehabilitation Act Claim is Dismissed in Part**

Defendants contend that IDEA administrative remedies apply to Collins' Rehabilitation Act claim, and because Collins failed to exhaust those remedies, her complaint must be

dismissed. Defs. Mem. 8 (citing *Polera v. Bd. of Educ.*, 288 F.3d 478, 488 (2d Cir. 2002)). Collins asserts that she was not required to exhaust administrative remedies because this is a retaliation claim. Pl. Opp. Mem. 22-23.

In order to prevent an end-run around IDEA's administrative exhaustion requirements, Rehabilitation Act claims are subject to the IDEA administrative procedures *if* the claim could have been brought under the IDEA. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004) ("The exhaustion requirement also applies where plaintiffs seek relief under other federal statutes when relief is also available under the IDEA."); *Polera*, 288 F.3d at 477-78. As discussed above, however, Collins could not assert an IDEA claim because she is not a disabled student or the parent of a disabled student; accordingly, Collins was not required to exhaust IDEA's administrative remedies.

Defendants also argue that Collins' claims under the Rehabilitation Act arising prior to June 26, 2012, including the constructive discharge allegation, are time-barred. Defs. Mem. 9. In New York, the Rehabilitation Act has a three year statute of limitations. *Stropkay v. Garden City Union Free Sch. Dist.*, 593 F. App'x 37, 41 (2d Cir. 2014) (citations omitted). Collins concedes that she cannot recover damages under the Rehabilitation Act for retaliatory acts taken against her prior to June 26, 2012. Pl. Opp. Mem. 18.

Collins insists, however, that time-barred acts alleged in the Complaint are admissible evidence in support of her timely retaliation claims and should not be dismissed. Pl. Opp. Mem. 18. Collins' claims arising prior to June 26, 2012 are not actionable because the continuing violation doctrine does not apply here. "Termination, failure to promote, denial of transfer, or refusal to hire," are "discrete discriminatory acts [that] start[] a new clock for filing charges alleging that act." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 114 (2002). "Each incident of discrimination and each retaliatory adverse employment decision

constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 114. Moreover, "[a]s a general matter, the continuing violation doctrine is heavily disfavored in the Second Circuit." *Trinidad v. New York City Dep't of Correction*, 423 F. Supp. 2d 151, 165 n.11 (S.D.N.Y. 2006) (quotation omitted). Therefore, Collins' claims that she was constructively discharged and threatened with negative employment evaluations prior to June 26, 2012 are discrete actions and are barred by the statute of limitations.[6]

Finally, Defendants argue that Collins has failed to plead sufficient facts for a retaliation claim under the Rehabilitation Act. Defs. Mem. 12. Although it is a close case, the Court disagrees. To state a claim for retaliation under Section 504 of the Rehabilitation Act, the plaintiff must allege that "(i) [she] was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 148 (2d Cir. 2002) (citations omitted). Collins has adequately pled these elements, albeit minimally.

Defendants argue that Collins has failed to plead that she engaged in protected activity and that there was a causal connection between the protected activity and an adverse action. Defs. Mem. 12-14, 18-20. Collins, however, alleged that she engaged in protected activity by complaining about Indart-Etienne's practice of denying benefits to students with disabilities, a practice that, if true, would violate Section 504 of the Rehabilitation Act. Collins has sufficiently alleged that she engaged in an activity protected by the Rehabilitation Act because the Rehabilitation Act protects individuals who oppose any practice that the Rehabilitation Act

---

[6]  According to *Morgan*, hostile work environment claims can benefit from the continuing violation exception to statutes of limitations for discrimination claims. 536 U.S. at 115. Because Collins did not allege a hostile work environment, but instead alleged specific acts of retaliation, the continuing violation exception does not apply.

makes illegal.  29 C.F.R. § 1614.101(b); *see also Sands v. Runyon*, 28 F.3d 1323, 1331 (2d Cir. 1994).[7]  Because Collins does not specify the date, place, or substance of her complaints to Indart-Etienne, her allegations of protected activity under the Rehabilitation Act are weak. Nevertheless, drawing all inferences in favor of Collins and accepting the allegations as true, as the Court must do at this stage of the litigation, the Court finds that Collins has adequately pled this element.

A plaintiff can demonstrate causation in a Rehabilitation Act retaliation claim "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by defendant."  *Miller v. McHugh*, 814 F. Supp. 2d 299, 313 (S.D.N.Y. 2011) (quotation omitted).  Accepting the facts alleged in the Complaint as true, Collins has alleged a sufficient causal nexus between the protected activity and the adverse action to survive a motion to dismiss based on proximity in time combined with retaliatory animus.  There were approximately six months between Collins' alleged overt opposition to Indart-Etienne's supposed discriminatory actions against disabled students (the protected activity), which seems to have occurred after Indart-Etienne's positive January 2012 evaluation of Collins, and Collins' allegedly retaliatory assignment to ATR (the discriminatory treatment), which seemed to have occurred in the summer of 2012.  Compl. ¶¶ 58, 60; *see e.g.*, *Epstein v. Kemper Ins. Companies*, 210 F. Supp. 2d 308, 319 (S.D.N.Y. 2002) (finding sufficient causal nexus where the retaliation occurred within one to six months of the protected activity); *see also*

---

[7]  The Rehabilitation Act only applies to programs or activities receiving federal financial assistance.  29 U.S.C. § 794.  Although it is not alleged in the Complaint, the Court finds it safe to assume that the Restart Academy receives some federal financial assistance.  Moreover, Defendants did not move to dismiss Collins' Rehabilitation Act claim on the basis that the Complaint fails to allege that Restart Academy received federal funding.

*Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001) ("This court has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action."). Collins has also alleged retaliatory animus—namely Indart-Etienne's statement, "I want her out," Compl. ¶ 55, and the District 79 Human Resources Representative's statement that the District 79 school should hire Collins "because a colleague of [hers] was out to get [Collins] due to no fault of her own," *id.* ¶ 69.

While Collins has alleged that she engaged in activity protected under the Rehabilitation Act and that there is a causal nexus, she has failed to allege that all of the Defendants knew that she had engaged in protected activity.[8] Collins alleges only that she complained to Indart-Etienne regarding how special education students were being treated. Compl. ¶ 45. She does not allege that she told her other supervisors, Zweig and Lisante, that she was opposed to the discrimination against special education students that she allegedly observed, and there is nothing in the Complaint to suggest that Zweig or Lisante knew of Collins' opposition through other means. For the foregoing reasons, Collins' claims arising under the Rehabilitation Act are dismissed as to (i) Defendants Zweig and Lisante, and (ii) Indart-Etienne and DOE for claims arising prior to June 26, 2012.

**V.     Plaintiff's State and Municipal Law Claims Are Dismissed in Part**

Collins also advances multiple state and municipal law claims for retaliation for refusing to discriminate against teachers on the basis of their age. *See* Compl. ¶¶ 95-97, 98-100, 101-103. Defendants argue that Collins' state and municipal law claims must be dismissed because Collins failed to file a notice of claim as required by New York Education Law § 3813. Defs. Mem. 10-

---

[8]     Defendants assumed that Collins sufficiently pled an adverse employment action, the third element in this cause of action. Defs. Mem. 12 n.4. The Court concurs that an adverse action was adequately alleged.

11. Collins argues that the notice of claim requirement does not apply because the individual Defendants are not officers under New York Education Law § 3813. Pl. Opp. Mem. 16-17. The Court agrees with Defendants, except with respect to Indart-Etienne.

New York Education Law § 3813 requires a plaintiff to file a notice of claim prior to initiating a lawsuit against a school, school district, board of education, or education officer. *See* N.Y. Educ. Law § 3813(1) (notice of claim required for claims "against any school district, board of education, board of cooperative educational services, school [or] . . . any officer of a school district, board of education, board of cooperative educational services, or school"); *Rodriguez v. Int'l Leadership Charter Sch.*, No. 08 CIV. 1012(PAC), 2009 WL 860622, at *5 (S.D.N.Y. Mar. 30, 2009) ("[F]ulfillment of the statutory requirements for filing a notice of claim is a condition precedent to bringing an action against a school district or a board of education and, moreover, failure to present a claim within the statutory time limitation . . . is a fatal defect." (quotation omitted)). Superintendents qualify as officers upon whom a notice of claim must be filed, but principals do not. N.Y. Educ. Law § 2(13); *Lawson v. New York City Bd. of Educ.*, No. 09 CIV. 1335(JSR)(HBP), 2011 WL 5346091, at *20 (S.D.N.Y. Aug. 30, 2011) ("[I]t is clear that a principal is not an officer of a board of education."), *report and recommendation adopted*, No. 09 CIV. 1335(JSR)(HBP), 2011 WL 5346090 (S.D.N.Y. Nov. 4, 2011); *Benedith v. Malverne Union Free Sch. Dist.*, 38 F. Supp. 3d 286, 312 (E.D.N.Y. 2014). Collins does not allege that she filed a notice of claim. Therefore, Collins' state and municipal claims are dismissed as to Lisante and Zweig, superintendent and deputy superintendent respectively, and as to DOE, but Collins' state and municipal claims are not dismissed as to Indart-Etienne, who was a school principal.

Defendants contend that, to the extent Collins' state and municipal claims are not dismissed on procedural grounds, they should be dismissed for failure to allege that she engaged

in protected activity. Def. Reply 3 n.1.[9] The elements for retaliation under the ADEA, NYSHRL, and NYCHRL are the same. *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 261-62 (E.D.N.Y. 2012) ("(1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." (quotation omitted)), *aff'd*, 713 F.3d 163 (2d Cir. 2013)).[10] Both NYSHRL and NYCHRL prohibit retaliation against individuals who oppose any discriminatory practice that the particular statute makes illegal. N.Y. Exec. L. § 296(7) (making it an unlawful discriminatory practice for any person to retaliate against any other person for opposing practices forbidden by NYSHRL); NYCHRL § 8–107(7) ("It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter"). Both NYSHRL and NYCHRL also prohibit employers from discriminating on the basis of age. N.Y. Exec. L. § 296(1); NYCHRL § 8–107(1). By openly refusing to participate in Indart-Etienne's alleged discriminatory practices against teachers over the age of sixty, Collins engaged in activity protected by NYSHRL and NYCHRL. Collins adequately alleges that Indart-Etienne knew Collins was engaging in that protected activity because Collins asserts that she openly expressed her opposition to Indart-Etienne. Compl. ¶¶ 53-54. Accordingly, the Court denies Defendants'

---

[9] Defendants raised this argument regarding the state and municipal law claims for the first time in a footnote in their reply brief. "Arguments may not be made for the first time in a reply brief," *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993), let alone in a footnote, *Bolanos v. Norwegian Cruise Lines Ltd.*, No. 01 CIV. 4182(RMB)(AJP), 2002 WL 1465907, at *7 n.12 (S.D.N.Y. July 9, 2002), *aff'd sub nom., Bolanos v. Norwegian Cruise Line Ltd.*, No. 01CIV.4182(RMB)(AJP), 2004 WL 769766 (S.D.N.Y. Apr. 12, 2004). The Court has discretion, however, to consider such arguments. *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (citation omitted).

[10] The threshold for adverse employer action is lower under NYCHRL than under the ADEA and NYSHRL; the employer's actions only need to be "'reasonably likely to deter a person from engaging in protected activity.'" *Sotomayor*, 862 F. Supp. 2d at 262 (quoting N.Y.C. Admin. Code § 8-107(7)). This difference, however, is not relevant here given that Defendants only argue that Collins has inadequately pled the first element.

motion to dismiss Collins' NYSHRL and NYCHRL claims against Indart-Etienne for retaliation in response to opposing age discrimination.

Collins has adequately pled NYSHRL and NYCHRL claims against Indart-Etienne, but the Court may no longer have subject matter jurisdiction over those claims. This Court only has supplemental jurisdiction over state and municipal law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims "are part of the 'same case or controversy' within § 1367 when they 'derive from a common nucleus of operative fact.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Promisel v. First Am. Artificial Flowers Inc.*, 943 F.2d 251, 254 (2d Cir. 1991)). The Second Circuit has generally determined there to be supplemental jurisdiction "where the facts underlying the federal and state claims substantially overlapped . . . or where presentation of the federal claim necessarily brought the facts underlying the state claim before the court." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (internal citations omitted). In contrast, the Second Circuit has found supplemental jurisdiction to be "lacking when the federal and state claims rested on essentially unrelated facts." *Id.* In this case, the remaining federal claim under the Rehabilitation Act and the NYSHRL and NYCHRL claims are based on different allegations of discrimination; the former claim concerns discrimination against disabled students, while the latter concerns discrimination against senior-aged teachers. Although the retaliatory acts are allegedly the same with respect to Collins' opposition to both kinds of discrimination, the protected activity is different for each claim. In short, despite some overlap, it is not clear whether the two sets of claims actually arise from a common nucleus of operative fact. Therefore, the Court directs the parties to address whether the Court retains supplemental jurisdiction over Collins' state and municipal law claims.

## CONCLUSION

For the foregoing reasons, Collins' first, fifth through seventh, and ninth through eleventh causes of action are DISMISSED with prejudice. Collins' eighth cause of action brought under the Rehabilitation Act is DISMISSED without prejudice and with leave to amend as to Defendants Zweig and Lisante for claims arising after June 26, 2012, and DISMISSED with prejudice as to Defendants Indart-Etienne and DOE for claims arising prior to June 26, 2012. Collins' second through fourth causes of action are DISMISSED with prejudice as to all Defendants except Indart-Etienne.

The parties must address whether Collins' state and municipal claims should be dismissed for lack of subject matter jurisdiction. Defendants must file a letter brief no later than January 29, 2016, and Collins must respond no later than February 12, 2016. Defendants must answer the Complaint no later than February 2, 2016. The Clerk of the Court is respectfully directed to close docket entry sixteen.

**SO ORDERED.**

**Date:  January 11, 2016**  **VALERIE CAPRONI**
         **New York, New York**  **United States District Judge**